IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

APR 1 2 2016

JAMES W. McCORMACK, CLERK
By:_____
                    DEP CLERK

ROOSEVELT CANNADY                                                    PLAINTIFF

VS.

CASE NO. 3:16CV102-DPM

SAVINGS OIL COMPANY, SAVINGS
INCORPORATED D/B/A DODGE'S
STORE and JAMES DANIELS d/b/a
ABC CONTRACTING SERVICES                                           DEFENDANTS

This case assigned to District Judge Marshall
and to Magistrate Judge Vol pe

## PETITION FOR REMOVAL

Comes separate defendants, Savings Oil Company and Savings Incorporated d/b/a Dodge's Store, by and through their counsel, Barber Law Firm PLLC, and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby file this Petition for Removal to the United States District Court for the Eastern District of Arkansas, Jonesboro Division. The grounds for this removal are as follows:

1.      The plaintiff filed his Complaint and jury demand on or about February 26, 2016 in the Circuit Court of Crittenden County, Arkansas. This Complaint involves allegations of negligence pertaining to premises liability of a convenience store operated by Savings Incorporated. The plaintiff alleges that while entering the convenience store on April 2, 2015, he was struck by construction scaffolding that had fallen. The store is located in West Memphis, Crittenden County, Arkansas. The plaintiff also sued Mr. James Daniels d/b/a ABC Contracting Services, presumably as the entity who was performing the roofing work at the time of the accident.

2.      Savings Incorporated d/b/a Dodge's Store learned of the lawsuit on or about March 23, 2016.  It has been less than one year since this action was originally commenced, and this Notice is filed within thirty (30) days after service of the State Court Complaint.  Removal is therefore timely pursuant to the provisions of 28 U.S.C. §1446.  Copies of all process and pleadings served upon Savings Incorporated d/b/a Dodge's Store are attached hereto collectively as Exhibit "A"  and incorporated herein by reference.

3.      Pursuant to 28 U.S.C. §1441, Savings removes this action to the District Court for the United States for the district and division embracing the place where this action is pending.  In support of this Notice, Savings Incorporated would show original jurisdiction in this cause is proper in the United States District Court pursuant to the provisions of 28 U.S.C. §1332 on the basis of diversity jurisdiction.

4.      According to the Complaint, the plaintiff is a resident of Crittenden County, Arkansas.

5.      Defendant Savings Oil Company is a holding corporation with its principal place of business in Mississippi.  Savings Oil Company is a Tennessee Corporation.

6.      Savings Incorporated d/b/a Dodge's Store is a Tennessee Corporation with its principal place of business in Tupelo, Mississippi.

7.      The plaintiff has also sued James Daniels d/b/a ABC Contracting Services, and has alleged that James Daniels does business in the State of Arkansas.    The James Daniels d/b/a ABC Contracting Services, who is known to these defendants, is a resident of Tennessee.

8.      Counsel for Savings Incorporated has been in contact with attorneys who handle general legal affairs for Mr. James Daniel.  His attorneys, McNabb, Bragorgos & Burgess, PLLC,

have consented to removal of this matter to Federal Court on behalf of their client, James Daniels.

9.      In his Complaint, the plaintiff seeks damages "not in excess of $150,000." Because the Complaint seeks damages of up to $150,000, the demand is deemed an amount in controversy that exceeds the $75,000 minimum required for federal diversity jurisdiction.

10.      Because this dispute is between citizens of different states and because the amount in controversy exceeds $75,000, the diversity citizenship requirements set forth in 28 U.S.C. §1332 have been met, and jurisdiction is proper with this Court.

11.      Pursuant to Federal Rule of Civil Procedure 38, Savings Oil Company and Savings Incorporated d/b/a Dodge's Store request a trial by jury.

12.      All conditions and procedures for removal have been satisfied.  Pursuant to 28 U.S.C. §1446(d), a Notice of Filing Notice of Removal will be filed with the Clerk of the Circuit Court of Crittenden County, Arkansas and will be served upon plaintiff.

13.      A copy of all State Court pleadings served upon these defendants are attached hereto as Exhibit "A."

14.      Based upon the above, Savings Oil Company and Savings Incorporated d/b/a Dodge's Store respectfully request this action now pending against them be removed from the Circuit Court of Crittenden County, Arkansas to this Honorable Court for trial and determination of all issues.

Respectfully submitted,

James D. Robertson
BARBER LAW FIRM PLLC
3400 Simmons Tower
425 West Capitol Avenue
Little Rock, AR 72201
(501) 372-6175
(501) 375-2802 (facsimile)
E-Mail: jrobertson@barberlawfirm.com

## CERTIFICATE OF SERVICE

On this 12 day of April, 2016, a copy of the foregoing pleading was sent via first class mail to:

Blake Swan
SCHWED, ADAMS, SOBEL & McGINLEY, P.A.
50 N. Front Street, Suite 640
Memphis, TN 38103

James D. Robertson

THE CIRCUIT COURT OF CRITTENDEN COUNTY, ARKANSAS

CIVIL DIVISION [Civil, Probate, etc.]

ROOSEVELT CANNADY
Plaintiff

v.                                        No. CV 2016-134

SAVINGS OIL COMPANY, SAVINGS
INCOPORATED d/b/a DODGE'S STORE,
and JAMES DANIELS d/b/a ABC
CONTRACTING SERVICES
Defendants

SUMMONS

**THE STATE OF ARKANSAS TO DEFENDANT:**

Savings Incorporated D/B/A Dodge's Store    [Defendant's name and address.]
C/O The Corporation Company
425 West Capitol Avenue, Suite 1700
Little Rock, AR 72201

A lawsuit has been filed against you.  The relief demanded is stated in the attached complaint.
Within 30 days after service of this summons on you (not counting the day you received it) – or
60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas
– you must file with the clerk of this court a written answer to the complaint or a motion under
Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on the plaintiff or plaintiff's attorney, whose name
and address are: Blake Swan, 50 N. Front Street, Suite 640, Memphis, TN 38103

If you fail to respond within the applicable time period, judgment by default may be entered
against you for the relief demanded in the complaint.

Address of Clerk's Office                   CLERK OF COURT Jerry Hawkins

100 Court Street                            Sarah Swangh

Marion, AR 72364                            [Signature of Clerk or Deputy Clerk]

                                            Date: 2/26/16

EXHIBIT
"A"

IN THE CIRCUIT COURT OF CRITTENDEN COUNTY, ARKANSAS
FOR THE SECOND JUDICIAL DISTRICT

ROOSEVELT CANNADY,

    Plaintiff,

vs.

SAVINGS OIL COMPANY, SAVINGS
INCORPORATED D/B/A DODGE'S
STORE and JAMES DANIELS d/b/a ABC
CONTRACTING SERVICES,

    Defendants.

Cause No: CV 20 16-134
Jury Demanded

## COMPLAINT

Comes now the Plaintiff, Roosevelt Cannady, and would show unto the Court as follows:

### I.

That your Plaintiff is a resident citizen of Earle, Crittenden County, Arkansas; that your Defendant, Savings Oil Company, is a foreign corporation licensed and authorized to conduct business in the State of Arkansas; that your Defendant, Savings Incorporated d/b/a Dodge's Store, is a foreign corporation licensed and authorized to conduct business in the State of Arkansas; that your Defendant, James Daniels d/b/a ABC Contracting Services, is a company conducting business in the State of Arkansas.

### II.

That on or about April 2, 2015, Plaintiff, Roosevelt Cannady, was an invitee of the store owned and operated by defendants Savings Incorporated d/b/a Dodge's Store and/or Savings Oil Company and located at 1414 E Broadway in West Memphis, Crittenden County, Arkansas. That

Defendant, James Daniels d/b/a ABC Contracting Services, was performing construction on the roof of the store located at 1414 E Broadway in West Memphis, Crittenden County, Arkansas. That Plaintiff, while entering the building, suddenly and without warning, was struck by construction scaffolding which had fallen from above causing serious injury to your Plaintiff.

### III.

At all times material to this Complaint, the Defendant, Savings Oil Company, had exclusive control of the property in question and had a duty to maintain the premises in a safe condition.

1.      The Defendant had a duty to inspect the premises regularly to prevent and/or discover any dangerous conditions or objects, to warn invitees of the existence of such conditions and/or to correct such conditions promptly.

2.      The Defendant had actual or constructive notice of the dangerous condition on and about the premises which caused Plaintiff to suffer his injuries.

3.      The Defendant was guilty of negligence in that it failed to maintain the premises and ensure same was in a safe condition; failed to inspect the premises on a timely basis; failed to prevent or discovery the dangerous condition and/or objects which caused Plaintiff's injury; failed to warn invitees, including Plaintiff, of the dangerous condition and/or objects; and failed to correct the dangerous condition in a timely manner.

4.      The Defendant was further guilty of negligence in that it failed to post sufficient and adequate warning signs as to the danger therein, so as to create an inherently dangerous situation for invitees attempting to use the premises.

5.      That the Defendant is guilty of negligence in allowing an unsafe condition to exist on the premises without maintenance and/or treatment of said condition. Said condition having existed for a period of time that your Defendant knew or should have known of the dangerous

2

condition and had not taken adequate precautions to remedy the area of said dangerous condition. That your Plaintiff's injuries and damages were the direct and proximate result of the negligence of the defendant in creating and failing to remedy said dangerous and defective condition.

## IV.

At all times material to this Complaint, the Defendant, Savings Incorporated d/b/a Dodge's Store, had exclusive control of the property in question and had a duty to maintain the premises in a safe condition.

1.     The Defendant had a duty to inspect the premises regularly to prevent and/or discover any dangerous conditions or objects, to warn invitees of the existence of such conditions and/or to correct such conditions promptly.

2.     The Defendant had actual or constructive notice of the dangerous condition on and about the premises which caused Plaintiff to suffer his injuries.

3.     The Defendant was guilty of negligence in that it failed to maintain the premises and ensure same was in a safe condition; failed to inspect the premises on a timely basis; failed to prevent or discovery the dangerous condition and/or objects which caused Plaintiff's injury; failed to warn invitees, including Plaintiff, of the dangerous condition and/or objects; and failed to correct the dangerous condition in a timely manner.

4.     The Defendant was further guilty of negligence in that it failed to post sufficient and adequate warning signs as to the danger therein, so as to create an inherently dangerous situation for invitees attempting to use the premises.

5.     That the Defendant is guilty of negligence in allowing an unsafe condition to exist on the premises without maintenance and/or treatment of said condition. Said condition having existed for a period of time that your Defendant knew or should have known of the dangerous

3

condition and had not taken adequate precautions to remedy the area of said dangerous condition. That your Plaintiff's injuries and damages were the direct and proximate result of the negligence of the defendant in creating and failing to remedy said dangerous and defective condition.

**V.**

At all times material to this Complaint, the Defendant, James Daniels d/b/a ABC Contracting Services, had undertaken to provide construction services to Savings Oil Company and/or Savings Incorporated d/b/a Dodge's Store and had a duty to provide these services in a safe and workmanlike manner.

1.     The Defendant had a duty to inspect the premises regularly to prevent and/or discover any dangerous conditions or objects, to warn invitees of the existence of such conditions and/or to correct such conditions promptly.

2.     The Defendant had actual or constructive notice of the dangerous condition on and about the premises which caused Plaintiff to suffer his injuries.

3.     The Defendant was guilty of negligence in that it failed to maintain the premises in a safe and workmanlike manner; failed to inspect the premises on a timely basis; failed to prevent or discovery the dangerous condition and/or objects which caused Plaintiff's injury; failed to warn invitees, including Plaintiff, of the dangerous condition and/or objects; and failed to correct the dangerous condition in a timely manner.

4.     The Defendant was further guilty of negligence in that it failed to post sufficient and adequate warning signs as to the danger therein, so as to create an inherently dangerous situation for invitees attempting to use the premises.

5.     That the Defendant is guilty of negligence in allowing an unsafe condition to exist on the premises without maintenance and/or treatment of said condition. Said condition having

4

existed for a period of time that your Defendant knew or should have known of the dangerous condition and had not taken adequate precautions to remedy the area of said dangerous condition. That your Plaintiff's injuries and damages were the direct and proximate result of the negligence of the defendant in creating and failing to remedy said dangerous and defective condition.

### VI.

As a direct and proximate result of the negligence of the Defendants, and resulting accident, the Plaintiff, Roosevelt Cannady, suffered serious, painful and permanent injuries, and mental anguish; Plaintiff incurred doctor, medical, hospital and other bills in an effort to cure said injuries and will in the future incur such expenses; Plaintiff's capacity for pleasure, business, work and the enjoyment of life have been impaired.

WHEREFORE, PREMISES CONSIDERED, PLAINTIFFS RESPECTFULLY PRAY:

1. That proper process issue against the Defendants requiring them to plead and answer.

2. That Plaintiff, Roosevelt Cannady, be awarded compensatory damages in an amount not in excess of ONE HUNDRED FIFTY THOUSAND and 00/100 ($150,000.00) DOLLARS.

3. That the Plaintiff be granted whatever other relief, general or specific, this Court deems equitable and just.

4. Plaintiff demands a Jury to try these issues when joined.

Respectfully submitted this 24 day of February, 2016.

By: _____

Blake Swan, Esq. (#2013-096)
Schwed, Adams, Sobel, & McGinley, P.A.
50 N. Front Street, Suite 640
Memphis, Tennessee 38103
Telephone: (901) 313-3411
Facsimile: (901) 577-1400

SCHWED, ADAMS, SOBEL & MCGINLEY, P.A. is surety for the court costs of this cause.

_____
SCHWED, ADAMS, SOBEL & MCGINLEY, P.A.

6

IN THE CIRCUIT COURT OF CRITTENDEN COUNTY, ARKANSAS
FOR THE SECOND JUDICIAL DISTRICT

ROOSEVELT CANNADY,

     Plaintiff,

vs.

SAVINGS OIL COMPANY, SAVINGS
INCORPORATED D/B/A DODGE'S
STORE and JAMES DANIELS d/b/a ABC
CONTRACTING SERVICES,

     Defendants.

Case No: CV2016-134
Jury Demanded

---

**NOTICE OF PROPOUNDING INTERROGATORIES AND REQUESTS FOR
PRODUCTION TO DEFENDANT, SAVINGS INCORPORATED D/B/A DODGE'S
STORE**

COMES NOW the Plaintiff, ROOSEVELT CANNADY, by and through the undersigned

counsel, and propound the following Interrogatories and Requests for Production to be answered

by Defendant, SAVINGS INCORPORATED D/B/A DODGE'S STORE, under oath and in

writing within forty five (45) days after service hereof as provided by Arkansas Rules of Civil

Procedure 33 & 34.

By: _____
Blake Swan, Esq. (#2013-096)
Attorney Email:  bswan@schwedlawfirm.com
Attorneys for plaintiff
Schwed, Adams, Sobel, & McGinley, P.A.
50 N. Front Street, Suite 640
Memphis, Tennessee 38103
Telephone: (901) 313-3411
Facsimile: (901) 577-1400

Cannady, Roosevelt v. Savings Oil Company & ABC Contracting Services
Plaintiff's Interrogatories and Requests for Production to Defendant, Savings Incorporated d/b/a Dodge's Store
Page 2 of 13

## CERTIFICATE OF SERVICE

I, Blake Swan, do hereby certify that a true and correct copy of the foregoing has been sent for service with the Complaint.

BLAKE SWAN

Cannady, Roosevelt v. Savings Oil Company & ABC Contracting Services
Plaintiff's Interrogatories and Requests for Production to Defendant, Savings Incorporated d/b/a Dodge's Store
Page 3 of 13

<u>DEFINITIONS</u>

1.    The term "document" or "documents" shall mean any written, typed, printed, recorded, or graphic matter, however produced or reproduced, of any type of description, regardless of origin or location, in your actual or constructive possession, custody or control. And whether prepared, published, or recorded by your or any other person or entity, including without limitation all correspondence, records, tables, charts, analyses, graphs, videotapes, photographs, schedules, films, reports, slides, negatives, audiotapes, memoranda, notes lists, calendars, telexes, messages (including but not limited to, reports of telephone conversations and conferences, studies, books, periodicals, magazines, booklets, circulars, bulletins, inter-office communications, questionnaires, contracts, agreements, assignments, licenses, certificates, permits, ledgers, books of account, accounting and financial records, orders, invoices, statements, acknowledgments, bills, bills of lading, data processing cards, generated matter, photographs, photographic negatives, phonographic records, transcripts or logs of recordings, all other data compilations from which data can be obtained or translated, reports and/or summaries of investigations, expressions or statements of policy, opinion or reports of consultants, lists of persons attending meetings, drafts and revisions of drafts of any documents, invoices, receipts and/or preliminary notes), or any other situation in which thoughts and/or ideas are recorded in any form whatsoever. If a document has been prepared and several copies or additional copies have been made, or copies are not identical (by reason of subsequent modification, by the addition of notations or other marginalia) each non-identical copy is a subsequent document.

2.    "Identify," used with respect to documents means that you are required, for each and every document, to:

Cannady, Roosevelt v. Savings Oil Company & ABC Contracting Services
Plaintiff's Interrogatories and Requests for Production to Defendant, Savings Incorporated d/b/a Dodge's
Store
Page 4 of 13

(a)      state the exact name and title by which you refer to it; (b) state the date of the document
and all of its serial or identifying numbers, if any; (c) identify, by providing all of the
information required by Definition No. 3, each and every person who wrote, signed, initialed,
dictated or otherwise participated in the creation of the document; (d) state its general subject
matter; (e) state the current location of the document and identify, by providing all information
required by Definition No. 3, the present custodian of the document; (f) identify, by providing all
of the information required by Definition No. 3, each and every addressee, if any, of the
document or any copy of the document.

3.      "Identify," when used in reference to persons means that you are required to state
the name and last known business and residence address, and, if other than natural persons, the
full name and address of the entity.

4.      "Person" or "persons" shall mean all entities of every description and includes
any natural person, corporation, partnership, association, company, estate, trust, group,
organization, business, public governmental entity, private governmental agency, and/or any
other entity of any type or kind whatsoever whether recognized in law, fact, or otherwise.

5.      "You" or "your" shall mean SAVINGS INCORPORATED D/B/A DODGE'S
STORE's, as well as all representatives and other persons acting on behalf of SAVINGS
INCORPORATED D/B/A DODGE'S STORE, including but not limited to all agents and
attorneys.

6.      Use of the present tense in this document includes the past and future tenses, use
of singular form includes the plural form and use of the masculine form include the feminine
form and vice-a-versa.

Cannady, Roosevelt v. Savings Oil Company & ABC Contracting Services
Plaintiff's Interrogatories and Requests for Production to Defendant, Savings Incorporated d/b/a Dodge's Store
Page 5 of 13

     7.    "Our" and/or "ours" shall mean ROOSEVELT CANNADY's, as well as all representatives and other persons acting on behalf of ROOSEVELT CANNADY, including but not limited to all agents and attorneys.

Cannady, Roosevelt v. Savings Oil Company & ABC Contracting Services
Plaintiff's Interrogatories and Requests for Production to Defendant, Savings Incorporated d/b/a Dodge's Store
Page 6 of 13

## PLAINTIFF'S AUTOMOBILE NEGLIGENCE INTERROGATORIES TO DEFENDANT, SAVINGS INCORPORATED D/B/A DODGE'S STORE

(If answering for another person or entity, answer with respect to that person or entity, unless otherwise stated.)

1.      What is the name and address of the person answering these interrogatories, and, if applicable, the person's official position or relationship with the party to whom the interrogatories are directed?

2.      Please state whether the entity named as the Defendant in the Complaint had ownership, possession and/or control of the premises described in the Complaint at the time of the incident described in the Complaint.  If not, please identify the person or entity who did have ownership, possession and/or control at the time of the incident described in the Complaint.

3.      Describe any and all policies of insurance which you contend cover or may cover the Defendant named in the Complaint for the allegations set forth in plaintiff's Complaint, detailing as to such policies the name of the insurer, the number of the policy, the effective dates of the policy, the available limits of liability, and the name and address of the custodian of the policy.

4.      Describe in detail how the incident described in the Complaint happened, including all actions taken by you to prevent the incident.

Cannady, Roosevelt v. Savings Oil Company & ABC Contracting Services
Plaintiff's Interrogatories and Requests for Production to Defendant, Savings Incorporated d/b/a Dodge's Store
Page 7 of 13

    5.    Describe in detail each act or omission on the part of any party to this lawsuit that you contend constituted negligence that was a contributing legal cause of the incident in question.

    6.    State the facts upon which you rely for each affirmative defense in your answer.

    7.    Do you contend any person or entity other than you is, or may be, liable in whole or part for the claims asserted against you in this lawsuit? If so, state the full name and address of each such person or entity, the legal basis for your contention, the facts or evidence upon which your contention is based, and whether or not you have notified each such person or entity of your contention.

    8.    Were you charged with any violation of law (including any regulations or ordinances) arising out of the incident described in the Complaint? If so, what was the nature of the charge; what plea or answer, if any, did you enter to the charge; what court or agency heard the charge; was any written report prepared by anyone regarding the charge, and, if so, what is the name and address of the person or entity who prepared the report; do you have a copy of the report; and was the testimony at any trial, hearing, or other proceeding on the charge recorded in any manner, and, if so, what is the name and address of the person who recorded the testimony?

    9.    List the names and addresses of all persons who are believed or known by you, your agents, or your attorneys to have any knowledge concerning any of the issues in this lawsuit; and specify the subject matter about which the witness has knowledge.

Cannady, Roosevelt v. Savings Oil Company & ABC Contracting Services
Plaintiff's Interrogatories and Requests for Production to Defendant, Savings Incorporated d/b/a Dodge's
Store
Page 8 of 13

10.     Have you heard or do you know about any statement or remark made by or on behalf of any party to this lawsuit, other than yourself, concerning any issue in this lawsuit? If so, state the name and address of each person who made the statement or statements, the name and address of each person who heard it, and the date, time, place, and substance of each statement.

11.     State the name and address of every person known to you, your agents, or your attorneys who has knowledge about, or possession, custody, or control of, any model, plat, map, drawing, motion picture, videotape, or photograph pertaining to any fact or issue involved in this controversy; and describe as to each, what item such person has, the name and address of the person who took or prepared it, and the date it was taken or prepared.

12.     Do you intend to call any expert witnesses at the trial of this case? If so, state as to each such witness the name and business address of the witness, the witness's qualifications as an expert, the subject matter upon which the witness is expected to testify, the substance of the facts and opinions to which the witness is expected to testify, and a summary of the grounds for each opinion.

13.     Have you made an agreement with anyone that would limit that party's liability to anyone for any of the damages sued upon in this case? If so, state the terms of the agreement and the parties to it.

Cannady, Roosevelt v. Savings Oil Company & ABC Contracting Services
Plaintiff's Interrogatories and Requests for Production to Defendant, Savings Incorporated d/b/a Dodge's
Store
Page 9 of 13

14.     Please state if within the past ten years, you have ever been a party, either plaintiff or defendant, in a lawsuit other than the present matter involving an incident involving personal injury, and, if so, state whether you were plaintiff or defendant, the nature of the action, and the date and court in which such suit was filed.

15.     Please state whether any report was prepared concerning the incident described in the Complaint. If so, please set forth with respect to the report: who prepared it; when it was prepared; the nature of the information contained in the report; what was done with the report after it was prepared; and who has custody of the report at this time.

16.     Please describe all procedures implemented by the Defendant both before and after this incident to prevent slip and fall incidents on their premises. For each such procedure, please set forth the date such procedure was implemented and whether such procedure was followed on the date of the incident at the branch described in the Complaint.

17.     Please list the dates of all surveillance taken, the name of the person who performed the surveillance, and the name and address of the company for whom he works.

18.     Are you aware of any other claims for personal injury or property damage made by the Plaintiff(s)? If so, please state:

        (a.)    The nature of the claim (Auto accident, slip and fall, etc.)

Cannady, Roosevelt v. Savings Oil Company & ABC Contracting Services
Plaintiff's Interrogatories and Requests for Production to Defendant, Savings Incorporated d/b/a Dodge's
Store
Page 10 of 13

     (b.)    The name, address and claim of any insurance carrier against whom the

claim was made (auto liability carrier, premises liability carrier, uninsured motorist

carrier, etc.)

     (c.)    The names and addresses of ALL health care providers who treated or

examined the Plaintiff(s).

     (d.)    The part(s) of the body that were claimed to be injured.

    19.    The name and address of all employees/ managers depicted in the video requested

in Request to Produce number 12 served in these interrogatories together with a brief description

of the employee/ manager and the time of the video when they first appear.

Cannady, Roosevelt v. Savings Oil Company & ABC Contracting Services
Plaintiff's Interrogatories and Requests for Production to Defendant, Savings Incorporated d/b/a Dodge's Store
Page 11 of 13


_____
On behalf of Savings Incorporated d/b/a Dodge's Store


_____
Print Name and Title

STATE OF TENNESSEE   )
                      )SS:
COUNTY OF_____)

      THE FOREGOING INSTRUMENT was acknowledged before me this ____ day of

_____, 20__, by _____, who is personally

known to me or who has produced _____ as identification and

who did/did not take an oath.


_____
NOTARY PUBLIC
State of Tennessee at Large


_____
Name of Notary Public - typed, printed or stamped

(Seal)

Cannady, Roosevelt v. Savings Oil Company & ABC Contracting Services
Plaintiff's Interrogatories and Requests for Production to Defendant, Savings Incorporated d/b/a Dodge's Store.
Page 12 of 13

## PLAINTIFF'S REQUESTS FOR PRODUCTION

1.      Any and all **color** copies of photographs taken of the scene of the incident. **Please indicate in your response if color photographs do not exist. If color photographs do exist, black and white photographs will not be sufficient in responding to this request.**

2.      Any and all **color** copies of photographs of the Plaintiff. **Please indicate in your response if color photographs do not exist. If color photographs do exist, black and white photographs will not be sufficient in responding to this request.**

3.      Any and all writings documenting the incident including any reports, notes, diaries, or other written documents.

4.      A copy of the Defendant's policy of insurance.

5.      Any and all surveillance of Plaintiff.

6.      Any and all documents reflecting Defendant's procedures designed to prevent incidents such as the one described in the complaint.

7.      Any and all documents reflecting floor cleaning, maintenance, inspections, or warnings on the date of the incident.

8.      Any and all medical records of the Plaintiff.

Cannady, Roosevelt v. Savings Oil Company & ABC Contracting Services
Plaintiff's Interrogatories and Requests for Production to Defendant, Savings Incorporated d/b/a Dodge's Store
Page 13 of 13

9.     Any and all documents identifying any employees of the Defendant who were present at the time of the incident.

10.     Any and all statements of Plaintiff whether written or recorded including any notes purporting to document statements by Plaintiff.

11.     Any and all statements of any witnesses whether written or recorded including any notes purporting to document statements by any witnesses.

12.     Any and all video recordings of:

a.     The Plaintiff anywhere on the premises (inside or outside) on the day of the incident.

b.     The scene of the incident for one (1) hour before the incident to one (1) hour after the incident.

13.     All medical records, reports, or bills concerning the Plaintiff whether for this incident or for any other incident or reason.

14.     All records and/or items regarding any other claims including claims for tangible or intangible damages made by the Plaintiff.



IN THE CIRCUIT COURT OF CRITTENDEN COUNTY, ARKANSAS

2016 APR 11  PM 1:44

JERRY HASKINS
CIRCUIT COURT CLERK
CRITTENDEN COUNTY, AR

ROOSEVELT CANNADY                                                                    PLAINTIFF

VS

CASE NO. CV-2016-134

SAVINGS OIL COMPANY, SAVINGS
INCORPORATED D/B/A DODGE'S
STORE and JAMES DANIELS d/b/a
ABC CONTRACTING SERVICES                                                           DEFENDANTS



## ANSWER

Comes now separate defendants Savings Oil Company and Savings Incorporated d/b/a Dodge's Store, by and through their counsel, Barber Law Firm PLLC, and for their Answer to the plaintiff's Complaint, states:

1.      These defendants deny each and every allegation within the plaintiff's Complaint unless specifically admitted hereafter.

2.      With respect to paragraph no. I of the plaintiff's Complaint, these defendants are without sufficient information to admit or deny the allegations concerning the plaintiff's city of residence, and those allegations are therefore denied.  The balance of the allegations contained within paragraph no. I of the plaintiff's Complaint are admitted.   Upon information and belief, James Daniels d/b/a ABC Contracting Services is a resident of Tennessee.

3.      These defendants are without sufficient information to admit or deny the allegations contained within paragraph no. II of the plaintiff's Complaint, and those allegations are therefore denied at this time.

4.      The allegations contained within paragraph no. III of the plaintiff's Complaint, including all five sub-parts, are denied.

5.     The allegations contained within the introductory portion of paragraph no. IV of the plaintiff's Complaint are denied.

6.     The allegations contained within sub-paragraph no. 1 under paragraph no. IV of the plaintiff's Complaint state a legal conclusion rather statements of fact.   To that end, the allegations contained within sub-paragraph no. 1 under paragraph no. IV of the plaintiff's Complaint are denied.

7.     The remaining sub-paragraphs under paragraph no. IV of the plaintiff's Complaint enumerated nos. 2, 3, 4, and 5, are denied.

8.     With respect to paragraph no. V of the plaintiff's Complaint, these defendants are without sufficient information to admit or deny allegations contained within paragraph V of the plaintiff's Complaint, and those allegations are therefore denied at this time.

9.     The allegations contained within paragraph no. VI of the plaintiff's Complaint are denied.

10.     These defendants deny the allegations contained within the "WHEREFORE" paragraph and sub-paragraphs thereunder.

11.     These defendants demand a trial by jury on all contested issues of fact.

12.     These defendants affirmatively plead each and every defense available to them pursuant to Ark. R. Civ. P. 12(b) including, but not limited to, lack of subject matter jurisdiction, lack of personal jurisdiction, improper venue, insufficiency of process, insufficiency of service of process, failure to state facts upon which relief may be granted, and failure to join a necessary party.   Furthermore, these defendants assert the same defenses that are available under Fed. R. Civ. P. 12(b).

13.     These defendants affirmatively plead the doctrines of comparative fault and independent intervening proximate cause so as to bar or reduce any recovery that may be had herein.

14.     These defendants affirmatively plead that any condition of the premises would have been open and obvious so as to negate any duty to warn.

15.     These defendants affirmatively plead act of God as an affirmative defense herein.

16.     These defendants reserve the right to plead further upon completion of discovery herein.

WHEREFORE, having fully answered, separate defendants, Savings Oil Company and Savings Incorporated d/b/a Dodge's Store, respectfully request that the plaintiff's Complaint be dismissed and for all other just and proper relief to which it may be entitled.

Respectfully submitted,

BARBER LAW FIRM PLLC
Attorneys for Savings Oil Company and
Savings Incorporate d/b/a Dodge's Store
3400 Simmons Tower
425 W. Capitol Avenue
Little Rock, AR  72201
(501) 372-6175

By: _____
James D. Robertson    ARBIN 95181

## CERTIFICATE OF SERVICE

On this _11_ day of April, 2016, a copy of the foregoing pleading was sent via first class mail to:

Blake Swan
SCHWED, ADAMS, SOBEL & McGINLEY, P.A.
50 N. Front Street, Suite 640
Memphis, TN 38103

James D. Robertson