IN THE CIRCUIT COURT OF CRITTENDEN COUNTY, ARKANSAS
FOR THE SECOND JUDICIAL DISTRICT

ROOSEVELT CANNADY,

     Plaintiff,

vs.

SAVINGS OIL COMPANY, SAVINGS
INCORPORATED D/B/A DODGE'S
STORE and JAMES DANIELS d/b/a ABC
CONTRACTING SERVICES,

     Defendants.

Cause No: CV2016-134
Jury Demanded

---

## COMPLAINT

---

Comes now the Plaintiff, Roosevelt Cannady, and would show unto the Court as follows:

### I.

That your Plaintiff is a resident citizen of Earle, Crittenden County, Arkansas; that your Defendant, Savings Oil Company, is a foreign corporation licensed and authorized to conduct business in the State of Arkansas; that your Defendant, Savings Incorporated d/b/a Dodge's Store, is a foreign corporation licensed and authorized to conduct business in the State of Arkansas; that your Defendant, James Daniels d/b/a ABC Contracting Services, is a company conducting business in the State of Arkansas.

### II.

That on or about April 2, 2015, Plaintiff, Roosevelt Cannady, was an invitee of the store owned and operated by defendants Savings Incorporated d/b/a Dodge's Store and/or Savings Oil Company and located at 1414 E Broadway in West Memphis, Crittenden County, Arkansas. That

Defendant, James Daniels d/b/a ABC Contracting Services, was performing construction on the roof of the store located at 1414 E Broadway in West Memphis, Crittenden County, Arkansas. That Plaintiff, while entering the building, suddenly and without warning, was struck by construction scaffolding which had fallen from above causing serious injury to your Plaintiff.

### III.

At all times material to this Complaint, the Defendant, Savings Oil Company, had exclusive control of the property in question and had a duty to maintain the premises in a safe condition.

1. The Defendant had a duty to inspect the premises regularly to prevent and/or discover any dangerous conditions or objects, to warn invitees of the existence of such conditions and/or to correct such conditions promptly.

2. The Defendant had actual or constructive notice of the dangerous condition on and about the premises which caused Plaintiff to suffer his injuries.

3. The Defendant was guilty of negligence in that it failed to maintain the premises and ensure same was in a safe condition; failed to inspect the premises on a timely basis; failed to prevent or discovery the dangerous condition and/or objects which caused Plaintiff's injury; failed to warn invitees, including Plaintiff, of the dangerous condition and/or objects; and failed to correct the dangerous condition in a timely manner.

4. The Defendant was further guilty of negligence in that it failed to post sufficient and adequate warning signs as to the danger therein, so as to create an inherently dangerous situation for invitees attempting to use the premises.

5. That the Defendant is guilty of negligence in allowing an unsafe condition to exist on the premises without maintenance and/or treatment of said condition. Said condition having existed for a period of time that your Defendant knew or should have known of the dangerous

2

condition and had not taken adequate precautions to remedy the area of said dangerous condition. That your Plaintiff's injuries and damages were the direct and proximate result of the negligence of the defendant in creating and failing to remedy said dangerous and defective condition.

## IV.

At all times material to this Complaint, the Defendant, Savings Incorporated d/b/a Dodge's Store, had exclusive control of the property in question and had a duty to maintain the premises in a safe condition.

1.     The Defendant had a duty to inspect the premises regularly to prevent and/or discover any dangerous conditions or objects, to warn invitees of the existence of such conditions and/or to correct such conditions promptly.

2.     The Defendant had actual or constructive notice of the dangerous condition on and about the premises which caused Plaintiff to suffer his injuries.

3.     The Defendant was guilty of negligence in that it failed to maintain the premises and ensure same was in a safe condition; failed to inspect the premises on a timely basis; failed to prevent or discovery the dangerous condition and/or objects which caused Plaintiff's injury; failed to warn invitees, including Plaintiff, of the dangerous condition and/or objects; and failed to correct the dangerous condition in a timely manner.

4.     The Defendant was further guilty of negligence in that it failed to post sufficient and adequate warning signs as to the danger therein, so as to create an inherently dangerous situation for invitees attempting to use the premises.

5.     That the Defendant is guilty of negligence in allowing an unsafe condition to exist on the premises without maintenance and/or treatment of said condition. Said condition having existed for a period of time that your Defendant knew or should have known of the dangerous

3

condition and had not taken adequate precautions to remedy the area of said dangerous condition. That your Plaintiff's injuries and damages were the direct and proximate result of the negligence of the defendant in creating and failing to remedy said dangerous and defective condition.

## V.

At all times material to this Complaint, the Defendant, James Daniels d/b/a ABC Contracting Services, had undertaken to provide construction services to Savings Oil Company and/or Savings Incorporated d/b/a Dodge's Store and had a duty to provide these services in a safe and workmanlike manner.

1.    The Defendant had a duty to inspect the premises regularly to prevent and/or discover any dangerous conditions or objects, to warn invitees of the existence of such conditions and/or to correct such conditions promptly.

2.    The Defendant had actual or constructive notice of the dangerous condition on and about the premises which caused Plaintiff to suffer his injuries.

3.    The Defendant was guilty of negligence in that it failed to maintain the premises in a safe and workmanlike manner; failed to inspect the premises on a timely basis; failed to prevent or discovery the dangerous condition and/or objects which caused Plaintiff's injury; failed to warn invitees, including Plaintiff, of the dangerous condition and/or objects; and failed to correct the dangerous condition in a timely manner.

4.    The Defendant was further guilty of negligence in that it failed to post sufficient and adequate warning signs as to the danger therein, so as to create an inherently dangerous situation for invitees attempting to use the premises.

5.    That the Defendant is guilty of negligence in allowing an unsafe condition to exist on the premises without maintenance and/or treatment of said condition. Said condition having

4

existed for a period of time that your Defendant knew or should have known of the dangerous condition and had not taken adequate precautions to remedy the area of said dangerous condition. That your Plaintiff's injuries and damages were the direct and proximate result of the negligence of the defendant in creating and failing to remedy said dangerous and defective condition.

## VI.

As a direct and proximate result of the negligence of the Defendants, and resulting accident, the Plaintiff, Roosevelt Cannady, suffered serious, painful and permanent injuries, and mental anguish; Plaintiff incurred doctor, medical, hospital and other bills in an effort to cure said injuries and will in the future incur such expenses; Plaintiff's capacity for pleasure, business, work and the enjoyment of life have been impaired.

**WHEREFORE, PREMISES CONSIDERED, PLAINTIFFS RESPECTFULLY PRAY:**

1. That proper process issue against the Defendants requiring them to plead and answer.

2. That Plaintiff, Roosevelt Cannady, be awarded compensatory damages in an amount not in excess of ONE HUNDRED FIFTY THOUSAND and 00/100 ($150,000.00) DOLLARS.

3. That the Plaintiff be granted whatever other relief, general or specific, this Court deems equitable and just.

4. Plaintiff demands a Jury to try these issues when joined.

Respectfully submitted this 24 day of February, 2016.

By:

       Blake Swan, Esq. (#2013-096)
       Schwed, Adams, Sobel, & McGinley, P.A.
       50 N. Front Street, Suite 640
       Memphis, Tennessee 38103
       Telephone: (901) 313-3411
       Facsimile: (901) 577-1400

SCHWED, ADAMS, SOBEL & MCGINLEY, P.A. is surety for the court costs of this cause.

SCHWED, ADAMS, SOBEL & MCGINLEY, P.A.

6